UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JEURIN CELADO,

                                        Plaintiff,

        v.                                                            9:24-cv-00734 (AMN/MJK)

K. SORRELL *et al.*,

                                        Defendants.

_____

**APPEARANCES:**                                        **OF COUNSEL:**

**JEURIN CELADO**
100010901
Clinton County Correctional Facility
58 Pine Mountain Road
P.O. Box 419
McElhattan, Pennsylvania 17748
Plaintiff *pro se*

**UNITED STATES ATTORNEY FOR THE**                **FORREST T. YOUNG, ESQ.**
**NORTHERN DISTRICT OF NEW YORK**                Assistant United States Attorney
100 South Clinton Street – Suite 900
Syracuse, New York 13261
*Attorney for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.        INTRODUCTION**

On June 3, 2024, plaintiff *pro se* Jeurin Celado ("Plaintiff") commenced this action against numerous defendants in connection with alleged events during his incarceration at Federal Correctional Institution Ray Brook ("FCI Ray Brook"). Dkt. No. 1 ("Complaint"). The Court evaluated the sufficiency of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and, on August 16, 2024, dismissed numerous claims and defendants and determined that Plaintiff's

1

Eighth Amendment claim against defendant federal officer Poirier ("Defendant") was sufficient to require a response.  Dkt. No. 8 at 15-16.

On July 28, 2025, Defendant moved to dismiss, primarily on the basis that (i) Plaintiff had failed to exhaust his administrative remedies, and (ii) Plaintiff's Eighth Amendment claim constituted a new *Bivens* context and special factors weighed against extending *Bivens* to this context.  Dkt. No. 19 ("Motion"); *see generally Goldey v. Fields*, 606 U.S. 942, 942 (2025) (*per curiam*) ("In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 . . . (1971), this Court recognized an implied cause of action for damages against federal officers for certain alleged violations of the Fourth Amendment.  The Court subsequently recognized two additional contexts where implied *Bivens* causes of action were permitted, neither of which was an Eighth Amendment excessive-force claim.  After 1980, we have declined more than 10 times to extend *Bivens* to cover other constitutional violations.  Those many post-1980 *Bivens* 'cases have made clear that, in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts.'") (quoting *Egbert v. Boule*, 596 U.S. 482, 486 (2022)).  The Motion was fully briefed on September 30, 2025.  Dkt. Nos. 26-27; *see also* Dkt. No. 29.

This matter was referred to United States Magistrate Judge Mitchell J. Katz, who considered the parties' submissions and, on February 17, 2026, issued a report-recommendation and order recommending that Defendant's Motion be granted.[1]  Dkt. No. 40 ("Report-Recommendation"); *see also* Dkt. No. 30.  Magistrate Judge Katz advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure

---

[1] In connection with Defendant's exhaustion arguments, he requested that the Motion be converted to summary judgment if necessary.  Dkt. No. 19-1 at 7 n.3.  Magistrate Judge Katz did so.  Dkt. No. 40 at 3.  Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the document's internal pagination.

to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 20.  Neither party filed objections, and the time to do so has expired.  For the reasons set forth below, the Court adopts the Report-Recommendation in part.

## II.     LEGAL STANDARD

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted).  The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at

3

particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

The Court adopts the background and the legal framework set forth in the Report-Recommendation, finding no clear error therein, and presumes familiarity with each for purposes of this decision.

As relevant here,[2] Magistrate Judge Katz first observed that Plaintiff's Eighth Amendment claim could be liberally construed "as either an excessive-force or a failure-to-protect claim." Dkt. No. 40 at 3 (citing Dkt. No. 8 at 13-14). Magistrate Judge Katz then proceeded with the *Bivens* analysis. *See generally Hernandez v. Mesa*, 589 U.S. 93, 102 (2020) ("When asked to extend *Bivens*, we engage in a two-step inquiry. We first inquire whether the request involves a claim that arises in a 'new context' or involves a 'new category of defendants.'. . . When we find that a claim arises in a new context, we proceed to the second step and ask whether there are any 'special factors [that] counse[l] hesitation' about granting the extension.") (second and third alterations in original) (citations omitted) (quotations omitted).

At step one, Magistrate Judge Katz determined that Plaintiff's Eight Amendment claim constituted a new *Bivens* context, whether construed as excessive force or failure to protect. Dkt. No. 40 at 13-16; *see also Ballard v. Dutton*, No. 23-6416-pr, 2024 WL 4039606, at *1 (2d Cir.

---

[2] The Report-Recommendation also included alternative findings with respect to Defendant's other arguments. Dkt. No. 40 at 6-12, 19. The Court finds it unnecessary to reach, or adopt, the Report-Recommendation's alternative findings for the reasons that follow.

Sept. 4, 2024) (summary order) ("The Supreme Court has expressly recognized only three contexts in which a *Bivens* remedy is available: unreasonable search and seizure by federal officials in violation of the Fourth Amendment, *Bivens*, 403 U.S. 388; gender-based employment discrimination by a United States Congressman in violation of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and federal prison officials' deliberate indifference to an inmate's serious medical needs in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980).")[3] (citing *Ziglar v. Abbasi*, 582 U.S. 120, 130-31 (2017)) (reversing district court's denial of motion to dismiss Eighth Amendment failure to protect claim by defendant FCI Ray Brook officer); *see also Goldey*, 606 U.S. at 944 ("This case arises in a new context, and 'special factors' counsel against recognizing an implied *Bivens* cause of action for Eighth Amendment excessive-force violations.").

At step two, Magistrate Judge Katz determined that an extension of *Bivens* was unwarranted because Plaintiff had access to an alternative remedial structure. Dkt. No. 40 at 17-19; *see also Ballard*, 2024 WL 4039606, at *2 ("[T]he Executive branch, through the Bureau of Prisons, provides an administrative grievance process for inmates to lodge complaints about their confinement. This grievance process, which did not exist at the time *Carlson* was decided, is the type of 'alternative remedial structure[ ]' that prevents us from fashioning a *Bivens* cause of action here.") (second alteration in original) (citations omitted). As a result, Magistrate Judge Katz recommended dismissal of Plaintiff's claim. Dkt. No. 40 at 19.

The Court discerns no clear error in this analysis and agrees with Magistrate Judge Katz that Defendant's Motion should be granted as a result. The Court accordingly adopts the Report-

---

[3] Magistrate Judge Katz also determined that Plaintiff's allegations were readily distinguishable from the facts in *Carlson*. Dkt. No. 40 at 15-16.

Recommendation to this extent.

IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 40, is **ADOPTED in part**, as set forth in Section III of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Defendant's motion, Dkt. No. 19, is **GRANTED in part**, as set forth in Section III of this Memorandum-Decision and Order; and the Court further

**ORDERS** that that Plaintiff's Complaint is **DISMISSED**; and the Court further

**ORDERS** that Plaintiff's pending request, Dkt. No. 29, is **TERMINATED as moot**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules and close the case.[4]

**IT IS SO ORDERED.**

Dated: March 23, 2026
      Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[4] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.